VIOLET M. ROBINSON ET AL., PLAINTIFFS, v. JOHN BARTON PAYNE, DIRECTOR GENERAL OF RAILROADS, DEFENDANT.

Decided April 19, 1923.

**Negligence—Arrest of Judgment—New Trial Limited to Damages Only.**

Before Justices PARKER and BERGEN.

For the plaintiffs, *Jacob L. Newman* and *Lionel P. Kristeller.*

For the defendant, *Frederic B. Scott.*

PER CURIAM.

This suit was instituted August 2d, 1920, to recover damages suffered by plaintiff through the alleged negligence of the Delaware, Lackawanna and Western Railroad Company. The plaintiff has a judgment and the motion now made is to arrest the judgment, which must be considered on the record, containing only the pleadings, an order making absolute a rule to show cause, held by defendant, as to

damages only, a *postea* setting out the result of the new trial, and the judgment.

The only point necessary to be considered is the objection that the new trial was limited to damages only. It appears in the record that the new trial was so limited, but it does not appear that any effort was made by the defendant to try any other question, nor the offer of evidence, which was refused. The error complained of is that the court refused to make defendant's rule absolute to the extent desired, but defendant accepted the rule and went to trial. We think the question cannot be raised in this way. In other words, defendant cannot speculate on the result of a new trial and if dissatisfied complain of the rule he obtained. He should have offered the proof he desired and obtained a ruling thereon, and, if adverse, taken an exception.

Another point made by defendant in its brief, is, that John Barton Payne, as Director General of Railroads, was not a proper defendant, because he had been succeeded in office by another person. The cases cited by defendant's counsel seemed to sustain that contention, but subsequently it came to the notice of defendant's counsel that a statute had been passed by the congress of the United States which removed this trouble, and to which defendant's counsel courteously called our attention by supplemental brief. The act was of such recent date, March 3d, 1923, that except for the kindness of counsel it might have escaped our attention.

The motion in arrest of judgment will be denied, with costs.